**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| USA  o/b/o<br>    *Administrator of Environmental*<br>    *Protection Agency* | CIVIL ACTION NO. 08-CV-893 |
| STATE OF LOUISIANA *o/b/o*<br>    *La Dept. Of Environmental*<br>    *Quality* | JUDGE HAIK |
| VS. | MAGISTRATE JUDGE METHVIN |
| CITGO PETROLEUM CORP. | |

*ORDER SETTING BRIEFING AND*
*SUBMISSION OF PRIVILEGE LOG DEADLINES*
(Rec. 37)

Before the court is the government's Motion for Protective Order to Quash and Limit the Notices of Depositions of U. S. Coast Guard officers Lieutenant Commander Christoper Coutu, Senior Chief Bryan Stines, and Lieutenant junior grade Chris Kimrey.

Defendant Citgo Petroleum Corp. has noticed the deposition of Coutu for September 25, 2009, Sines for September 28, 2009, and Kimrey for September 30, 2009.  Defendant has requested that deponents bring certain documents to the depositions.

The government moves to quash the notices because Citgo seeks to discover information regarding the investigative work undertaken on behalf of the United States which is protected opinion work-product.

In a telephone conference with the undersigned's law clerk, an agreement was reached between the parties that the depositions would be postponed so that the issues raised could be fully briefed.   Since the government is also seeking to quash the documents requested on the basis of work-product, it will be required to submit a privilege log.

Accordingly,

**IT IS HEREBY ORDERED** that on or before **October 2, 2009**, plaintiff shall file a privilege log as to the documents withheld. With respect to each withheld document, the privilege log shall include:

a. the date the document was created;

b. the author of the document;

c. all recipients of the document, along with their capacities;

d. the document's subject matter;

e. the specific privilege being asserted;

f. factual and legal support for the claim of privilege in light of established Fifth Circuit jurisprudence.

For the work product, the privilege log must establish that the qualified immunity applies, i.e., the documents and/or tangible things were prepared in anticipation of litigation by or for a party or by or for a party's representative. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed 451 (1947). Conclusory assertions of privilege are insufficient. Blockbuster Entertainment Corp. v. McComb Video, Inc., 145 F.R.D. 402, 404 (M.D.La. 1992).

The attorney-client privilege applies only where (1) there was a communication between client and counsel; (2) the communication was intended to be confidential; (3) the communication was, in fact, kept confidential; and (4) the communication was made for the purpose of obtaining or providing legal advice. (5) the privilege was not waived. *See* United States v. Construction Prod. Research, Inc., 73 F.3d 464, 473-74 (2nd Cir.1996). This information should be evident on the privilege log.

**IT IS FURTHER ORDERED** that Citgo's opposition is due **on or before October 7, 2009.** Because the discovery deadline is set for October 12, 2009, the motion will be taken up on an

expedited basis. A copy of the opposition and privilege log shall be delivered to chambers commensurate with filing.

Signed at Lafayette, Louisiana, on September 29, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)