UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| USA *o/b/o*<br>　　*Administrator of Environmental*<br>　　*Protection Agency* | CIVIL ACTION NO. 08-CV-0893 |
| STATE OF LOUISIANA *o/b/o*<br>　　*La Dept. Of Environmental*<br>　　*Quality* | JUDGE HAIK |
| VS. | MAGISTRATE JUDGE HANNA |
| CITGO PETROLEUM CORP. | |

## MINUTES OF TELEPHONE CONFERENCE AND ORDERS

On December 30, 2009, the undersigned magistrate judge held a telephone discovery conference on plaintiff's oral motion for reconsideration of the court's order granting in part and denying in part its motion for protective order to quash and limit the notices of depositions of LCDR Christoper Coutu, Senior Chief Bryan Sines, and LTJG Chris Kimrey.[1] (Rec. Doc. 68). Participating in the conference were Jason T. Barbeau for the United States Government and Edward C. Lewis for defendant Citgo Petroleum Corp.

At the hearing conducted on November 12, 2009 on plaintiff's motion to quash, the undersigned held (with emphasis added):

> Those three people I'm going to allow to be deposed. I'm going to quash the subpoena duces tecum seeking their files and records, that they don't get. But you do get to depose those people regarding the

---

[1] Statistical time was .4 hours.

> facts of their investigation, that which they did, *those to whom they spoke, what they were told,* what they saw. You are not entitled to get from any of those three persons their own mental impressions either which they kept themselves or passed upstairs. That I hold to be intangible, but committed in this case in the anticipation of litigation.

Plaintiff seeks reconsideration of this order to the extent that it allows Citgo to question investigators LCDR Coutu, Senior Chief Sines, and LTJG Kimrey as to what they asked and were told by witnesses they interviewed during their investigation of the 2006 Citgo oil spill. Counsel for Citgo also quoted a different part of the transcript in support of its request.

Generally, a party cannot discover documents or tangible things otherwise discoverable and "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Federal Rules of Civil Procedure Rule 26(b)(3). The work product doctrine protects two categories of materials: ordinary work-product and opinion work product. *Reedhycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.,* No. 6:06 CV 222, 2007 WL 1217897, *2 (E.D. Tex. Apr. 24, 2007). As codified in Rule 26(b)(3), work product which contains the mental impressions, conclusions, opinion, or legal theories of an attorney has become known as opinion work product which is afforded a high degree of protection. *See* 8 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice and Procedure § 2026 (2d ed. 2007).

Citgo does not dispute that the interviews at issue were conducted in anticipation of litigation. Although Citgo is entitled to elicit factual information from the investigators, it is not entitled to their mental impressions. The formulation and subject matter of the questions of an investigator are inherently reflections of the investigator's mental impressions and processes which constitute protected work-product. Moreover, the witnesses' answers are part and parcel of the questioning and are, as recollections of the investigator, inseparable from his mental processes. Accordingly,

**IT IS ORDERED** that plaintiff's motion for reconsideration is **GRANTED**. Defendant is prohibited from questioning LCDR Coutu, Senior Chief Sines and/or LTJG Kimrey regarding any question he posed or answer he received from any witness interviewed in connection with the government's investigation of the oil spill. To the extent that this order is inconsistent with the court's prior ruling, that prior ruling is vacated.

Signed January 4, 2010 at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE