UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** and **STATE OF LOUISIANA** | **CIVIL ACTION NO. 2:08-cv-0893** |
| **VERSUS** | **JUDGE HAIK** |
| **CITGO PETROLEUM CORPORATION** | **MAGISTRATE JUDGE HANNA** |

### RULING ON MOTIONS

### (Rec. Doc. 153 & 155)

Before the court are defendant CITGO Petroleum Corporation's supplemental motion to compel (Rec. Doc. 153) and plaintiff the United States of America's motion for protective order to quash the depositions of Dr. Daniel Hahn and Dr. Deborah French McCay (Rec. Doc. 155). Both motions are opposed. Oral argument was heard on October 27, 2010. Present at the hearing were counsel for the United States, Karen King and Jason T. Barbeau, and counsel for CITGO, Edward C. Lewis. In the course of the hearing, the United States made an oral motion limiting the number of deposition to be taken during the litigation. Oral argument was heard on that motion as well.

### CITGO'S MOTION TO COMPEL

After review of the pleadings, consideration of oral argument by the parties, and analysis of applicable law, the undersigned finds that the United States has not produced any documents responsive to CITGO's discovery requests that were generated after March 2009.  However, the undersigned also finds that the government has expended a great deal of time and efforts in producing many thousands of documents during the course of this litigation.  The undersigned finds that Fed. R. Civ. P. 26 imposes on the government a continuing duty to seasonably supplement its responses CITGO's discovery requests.  The undersigned further finds that CITGO's discovery requests are becoming overly burdensome and unreasonably costly.  Accordingly,

IT IS ORDERED that CITGO's motion to compel (Rec. Doc. 153) is GRANTED IN PART and DENIED IN PART.  More specifically, the United States is ORDERED to supplement its discovery responses by producing to CITGO any and all documents that were generated in or after March 2009 that are responsive to CITGO's discovery requests and contain factual data.  The United States is not required, however, to produce any documents that are merely correspondence, e-mails, or notes exchanged among the trustee agencies.  In the event that any of the documents that otherwise would be produced by the United States in the

supplemental production contemplated by this order are privileged, the United States is further ORDERED to provide CITGO with a privilege log in the format previously ordered by the undersigned in prior orders issued in this litigation.

### THE UNITED STATES'S MOTION FOR PROTECTIVE ORDER

After review of the pleadings, consideration of oral argument by the parties, and analysis of applicable law, the undersigned finds that Dr. Hahn and Dr. French McCay were not listed as may call witnesses by the government in this lawsuit, will not testify at the trial of this matter, are consulting experts under Fed. R. Civ. P. 26, and have formulated opinions that are not relevant to the opinions of the experts who will be called upon to testify at trial. Accordingly,

IT IS ORDERED that the United States's motion for protective order, which seeks to quash the depositions of Dr. Hahn and Dr. French McCay (Rec. Doc. 155) is GRANTED.

### THE UNITED STATES'S MOTION FOR A LIMIT ON DEPOSITIONS

After consideration of oral argument by the parties and analysis of applicable law, the undersigned finds that there is a dispute between the parties concerning the number of depositions that may be taken and the identity of the persons to be deposed

in this action. The undersigned finds that all persons listed on the United States's witness list have already been deposed, but not all persons listed by CITGO have been deposed. Accordingly,

IT IS ORDERED that, not later than fourteen days after the date of this order, all parties shall exchange revised witness lists.

IT IS FURTHER ORDERED that any and all persons listed on the revised witness lists may be deposed, but no persons not listed on the revised witness lists may be deposed.

IT IS FURTHER ORDERED that the two individuals sought to be deposed from Citgo's current list (who may be taken off the list by Citgo) may be deposed by the government, and the two witnesses identified by Citgo currently not on the goverment's list may be deposed by Citgo.

Lafayette, Louisiana, this 27th day of October, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)