UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF LOUISIANA | CIVIL ACTION NO. 2:08-cv-0893 |
| VERSUS | JUDGE HAIK |
| CITGO PETROLEUM CORPORATION | MAGISTRATE JUDGE HANNA |

### RULING ON MOTION

(Rec. Doc. 165)

Before the court is the motion to compel the production of overdue documents and complete responses to written discovery (Rec. Doc. 165), which was filed by plaintiff, the United States of America. The motion is opposed. Oral argument was heard on January 26, 2011. Present at the hearing were counsel for the United States, Karen King and Jason T. Barbeau, and counsel for CITGO, Brian C. Boyle. For the following reasons, the motion is granted in part and denied in part.

After review of the pleadings, consideration of oral argument by the parties, and analysis of applicable law, the undersigned finds that the CITGO has fully and completed responded to the United States's requests for the production of documents that were propounded on October 18, 2010. Accordingly, the motion will be denied with regard to the requests for production.

With regard to the United States's requests for admission that were propounded on October 18, 2010, the undersigned finds that the respondent has a duty to make an inquiry, including an inquiry of third parties, when crafting responses to requests for admission.[1] Further, under Rule 36(a)(4) of the Federal Rules of Civil Procedure, a party responding to requests for admission must either admit the stated matter or respond in the following manner:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Under Rule 36(a)(5), if the respondent objects to a request for admission, he must state the grounds for the objection. Since Rule 36 imposes an obligation to conduct a reasonable inquiry, it is improper to object to a request for admission on the basis that the statement set forth in the request is something that someone else said. The respondent must, instead, conduct an inquiry, even of third parties to the lawsuit if

---

[1] Rule 36(a)(4) of the Federal Rules of Civil Procedure; *Uniden America Corp. v. Ericsson Inc.*, 181 FRD 302, 304 (M.D.N.C. 1998).

necessary, and then respond in accordance with Rule 36(a)(4). Accordingly, the undersigned finds that CITGO's responses to Request for Admission Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 17, 18, 19, and 20 fail to comply with Rule 36 and must be supplemented.

The United States argues that CITGO's responses to two of the interrogatories propounded by the United States on October 18, 2010 were inadequate. The undersigned agrees.

Interrogatory No. 5 asks CITGO to describe the basis for a 15% discount rate applied by CITGO in evaluating the net present value of projects claiming an economic basis. The undersigned finds that this interrogatory is relevant to the issue of CITGO's calculation of the economic benefit to be derived from investing in projects necessary to comply with the Clean Water Act. The undersigned also finds that this interrogatory appears reasonably calculated to lead to the discovery of admissible evidence. Accordingly, CITGO's response must be supplemented.

Interrogatory No. 3 asks CITGO to state when a particular 16" fire water hose was open on both ends before it was plugged on June 19, 2006. The undersigned finds that this interrogatory is relevant to the issue of whether the pipe breached CITGO's secondary containment system and the potential penalties for any such breach. The undersigned further finds that this interrogatory appears reasonably

calculated to lead to the discovery of admissible evidence. Accordingly, CITGO's response must be supplemented.

Therefore,

IT IS HEREBY ORDERED that the United States's motion to compel (Rec. Doc. 165) is GRANTED IN PART AND DENIED IN PART. More particularly, the motion is DENIED with regard to the United States's requests for production, but it is GRANTED with regard to Request for Admission Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 17, 18, 19, and 20, and Interrogatory Nos. 3 and 5.

IT IS FURTHER ORDERED that CITGO's supplemental responses to Request for Admission Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 17, 18, 19, and 20, and Interrogatory Nos. 3 and 5 shall be provided to the United States not later than February 7, 2011.

Signed at Lafayette, Louisiana, this 27th day of January, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)